IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Richard P. Match, Senior District Judge

Civil Action No. 08-cv-00029-RPM

LYNDA LEE CASSARA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

    Defendant.

---

ORDER FOR REVERSAL AND REMAND

---

An Administrative Law Judge ("ALJ") denied the application of Lynda Lee Cassara for disability insurance benefits and supplemental security income under the Social Security Act by a decision dated July 11, 2007, after a hearing held on May 29, 2007. The Appeals Council rejected the request for review and it is that ALJ decision that is now under judicial review pursuant to 42 U.S.C. § 405(g).

The ALJ determined that despite the severe impairments of fibromyalgia and cervical degenerative disc disease, Ms. Cassara can perform her past work as a reservation clerk. That apparently refers to the job she had at a Southern Ute Tribal casino which she described as guest services manager for the casino and lodge from February, 1994 to May, 1995. She has had no substantial gainful employment since that position.

The plaintiff asserted that she had been unable to work since December 15, 1995 because of chronic and consistent pain. She has related pains and other physical conditions to a motorcycle injury when she was 17 years old, a slip and fall while she was employed as manager

of a car rental agency in California in July, 1990. Many of the medical records in the administrative file are evaluations done for workers compensation claims which apparently resulted in some settlement.

The treatment records are primarily those from Valleywide Health Services in Durango, Colorado where she has been seen by Dr. Pam Kircher, M.D., beginning April 28, 1995. Dr. Kircher saw Ms. Cassara until April 1997, when Dr, David Salter, M.D. , took over her care. The treatment notes show consistent reports of intense pain primarily in the patient's neck into her shoulders and at times other parts of her body. The records reflect treatment by pain medications and medications for depression.

The ALJ did not find depression as an impairment, relying on a form completed by the state agency's physician in March, 2005, expressing the general statement "depression is not severe." R. 290. There is no explanation of how this conclusion was reached. The ALJ said that he gave that opinion great weight. R. 17.

The treatment records reveal that depression has been noted consistently by those who have prescribed medications for this woman, Dr. Steven Bloink, M.D., conducted a disability determination physical examination for Social Security in January 24, 2005 and gave the following assessment:

> " history of fibromyalgia, with unusual accompaniment of sleep disorder and depression. Multiple other somatic complaints related to prior accidents or injuries, but with no acute pain syndrome, other than by history. Depression is evident. Patient is physically capable of usual work related activities of sitting, standing, lifting, carrying, handling objects, hearing, speaking, and traveling; but, her functional capability is questionable." R. 267.

The ALJ rejected Ms. Cassara's testimony at the hearing and her complaints of pain

made to treating physicians and those evaluating her as being not credible.  That finding was apparently heavily influenced by reports of what was seen on tapes of video surveillance of the claimant in April, 1997 and an observation by an independent medical examiner for workers compensation in February, 1998, of the manner in which the claimant walked to her car after the examination.  The ALJ considered these reports of observation as a history of exaggerating symptoms to gain disability or workers compensation.  The ALJ did not have substantial evidence to support this accusation which was key to his credibility finding.  There is nothing in the medical records that would support the ALJ's suggestions that this claimant only seeks medical attention when she is pursuing disability claims.

The ALJ gave very selective consideration to observations by treating physician Dr. Salter and did not consider Dr. Salter's opinion expressed in a letter to the Colorado Department of Transportation, dated November 1, 2001, that she is disabled because of chronic neck pain, fibromyalgia and carpal tunnel syndrome with severe financial stressors making her unable to participate in employment that she otherwise could perform in the past.  R. 401.  The Commissioner seeks to excuse that omission as having been made in a the context of a statement to an agency whose opinions are not binding on the Commissioner.  The statement is that of Dr. Salter, not of the DOT and the opinion should have been considered.

The ALJ's decision gave passing reference to the report of psychological evaluation done by Ed Cotgageorge, Ph.D. in June, 1988, upon referral from Dr. Salter.  R. 213-217.  The ALJ said that there was no diagnosis of depression.  R. 17.  That is true.  The ALJ did not refer to Dr. Cotgageorge's conclusion that Ms. Cassara was experiencing emotional distress, primarily in the form of depression, related to pain and Dr. Cotgageorge recommended individual

psychotherapy to address depression symptoms and pain management.  He recommended consultation with a psychiatrist for antidepressant medication.  He gave a global assessment of functioning at 45.  R. 216-217.

There are some objective diagnostic tests showing cervical and thoracic spine abnormalities which can be productive of pain.  The issue in this case is whether the chronic pain and depression are so severe as to limit the plaintiff from any substantial and gainful employment and that question has not been adequately or fairly addressed by the ALJ.  Accordingly, it is

ORDERED that the denial decision is reversed and this matter is remanded to the Commissioner for further proceedings with a recommendation that the claimant be given a psychiatric evaluation by a competent professional.

Dated: May 26th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge